57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Vincent R. MAGLAYA, Plaintiff-Appellant,
v.
Steven WINCHESTER, Hearing Investigator; Eileen Ford,
Hearing Officer; Sue Peru, Resident Unit Office,
Defendants-Appellees.
 No. 94-2451.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Vincent Maglaya, a pro se Michigan prisoner, appeals a district court judgment granting defendants' motion for costs filed pursuant to 28 U.S.C. Sec. 1920 and Fed. R. Civ. P. 54(d). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1993, Maglaya filed a civil rights action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendants improperly placed him in punitive segregation. The district court subsequently granted judgment for the defendants. The defendants then moved for costs pursuant to Sec. 1920 and Rule 54(d) in the sum of $26.27. In his response to defendants' motion, Maglaya did not contest the requested amount. Rather, Maglaya challenged the motion due to his inability to pay. The district court granted defendants' motion and directed that only ten percent of Maglaya's future deposits be taken from Maglaya's prison account until the costs were fully paid.
 
 
 3
 In his timely appeal, Maglaya states that the monthly income he receives is actually a loan from the state and, as a result, he is incapable of paying the award of costs.
 
 
 4
 A district court's decision to award costs to a prevailing party is reviewed under the abuse of discretion standard. Weaver v. Toombs, 948 F.2d 1004, 1011 (6th Cir. 1991).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in granting costs. The district court established a reasonable schedule whereby only ten percent of Maglaya's deposits would pay for his costs. The district court did not err in granting defendants' motion for costs. Id. at 1009-11.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.